UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
MILAN JANKOVIC, a/k/a Philip Zepter,)
et al.                             )
                                   )
            Plaintiffs,            )
                                   )
      v.                           )    Civil Action No. 04-01198  (RBW)
                                   )
INTERNATIONAL CRISIS GROUP,        )
et al.                             )
                                   )
            Defendants.            )
_____)

**MEMORANDUM OPINION**

Currently before the Court are (1) defendant Lyon's Motion to Dismiss the Complaint, or Alternatively, to Strike Portions of the Complaint ("Lyon's Mot.") and his Memorandum in Support of his Motion to Dismiss the Complaint, or Alternatively, to Strike Portions of the Complaint ("Lyon's Mem.");[1] (2) defendant International Crisis Group's ("Crisis Group") Motion to Dismiss the Complaint, or Alternatively, to Strike Portions of the Complaint ("Crisis Group's Mot.") and its Memorandum in Support of its Motion to Dismiss the Complaint, or Alternatively, to Strike Portions of the Complaint ("Crisis Group's Mem.");[2] (3) the plaintiffs' Joint Memorandum of Points and Authorities in Opposition to Defendants' Motions to Dismiss ("Pls.' Opp'n"); (4) defendant Lyon's Reply Memorandum in Support of his Motion to Dismiss

---

[1] Defendant Lyon incorporates by reference the argument set forth in defendant Crisis Group's memorandum in support of its motion to dismiss for failure to state a claim, and alternatively to strike portions of the complaint. Lyon's Mem. at 20.

[2] Defendant Crisis Group joins, and incorporates by reference, the argument that this Court lacks subject-matter jurisdiction over this case as set forth in defendant Lyon's memorandum in support of his motion to dismiss. Crisis Group's Mem. at 42.

the Complaint or, Alternatively, to Strike Portions of the Complaint ("Lyon's Reply"); and (5) defendant Crisis Group's Reply Memorandum in Support of its Motion to Dismiss the Complaint, or Alternatively, to Strike Portions of the Complaint ("Crisis Group's Reply").  For the reasons set forth below, this Court grants the defendants' motions to dismiss, but will permit the plaintiffs leave to file an amended complaint to attempt to cure the jurisdictional defect discussed herein.

**I.    Background**

The events giving rise to the plaintiffs' complaint began on or about March 18, 2003, when the International Crisis Group ("Crisis Group") printed, published, circulated and distributed a report authored in whole or in part by defendant James Lyon entitled "Serbia After Djindjic" ("Report No. 141").  Complaint ("Compl.") ¶¶ 45-46.  According to the Crisis Group, Report No. 141 addressed the political situation leading up to and resulting from the assassination of Serbian Prime Minister Zoran Djindjic.  Crisis Group's Mem. at 6.  The plaintiffs allege, however, that this report included libelous material concerning plaintiff Milan Jankovic[3] and his companies, collectively known as the Zepter Group.  Compl. ¶¶ 83-84.  Likewise, the plaintiffs allege that a similar report, authored in part or in whole by defendant Lyon and printed, published, circulated and distributed by defendant Crisis Group, entitled "Serbian Reform Stalls Again" ("Report No. 145"), also contained libelous matter concerning the plaintiffs.  Id. ¶¶ 53, 83-84.  On the other hand, the defendants assert that Report No. 145 analyzes the "aftermath of the Djindjic assassination, and in particular the effectiveness of the new government's crackdown on the military and criminal network behind the assassination."

---

[3] Milan Jankovic is also known as Philip Zepter.  Compl. ¶ 1.

Crisis Group Mem. at 7. In addition to their claims about the other two publications, the plaintiffs also allege that a June 10, 2003 e-mail sent by defendant Lyon to a Serbian official, which included an article concerning the situation in Serbia after the assassination of Prime Minister Djindjic ("Lyon e-mail"), contained false or defamatory statements about the plaintiffs. Compl. ¶¶ 67, 83.

The plaintiffs filed their complaint in this action on July 15, 2004. Count I of the complaint alleges that both Report No. 141 and 145 were libelous, as they contain "false and defamatory statements" about the plaintiffs. Id. ¶¶ 55, 80-93. Count II alleges that the defendants "interfered with the normal business execrations" of plaintiff Jankovic and his businesses by "writing, printing, publishing, or intending for others to republish or circulate Report No. 141, Report No. 145," and the Lyon e-mail, which allegedly falsely depict plaintiff Jankovic as a "criminal and a central member of a broader criminal network." Id. ¶ 95. In Count III, the plaintiffs allege that by writing, publishing, and circulating Report No.'s 141 and 145, and by disseminating the article attached to the Lyon e-mail, the defendants invaded plaintiff Jankovic's right to privacy. Id. ¶ 106.

On October 21, 2004, the defendants moved to dismiss the complaint, or alternatively, to strike portions of the complaint. The defendants' advance several positions as support for their motions to dismiss. Specifically, they contend:  (1) that this Court does not have subject matter jurisdiction over this case; (2) that all claims arising from Report No. 141 and the Lyon e-mail must be dismissed as barred by the statute of limitations; (3) that all claims by plaintiff Fieldpoint and United Business must be dismissed because none of the publications are "of and concerning" these plaintiffs; and (4) that the claims raised solely by plaintiff Jankovic must also be dismissed

3

because each statement is either not "of and concerning" plaintiff Jankovic, is not capable of a defamatory meaning, or is otherwise not actionable. Crisis Group's Mem. at 13, 15, 16, 20-22, 40-42. This opinion will address whether this Court possesses subject matter jurisdiction in this case.

## II. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), which governs motions to dismiss for lack of subject matter jurisdiction, "[t]he plaintiff bears the burden of persuasion to establish subject matter jurisdiction by a preponderance of the evidence." Pitney Bowes, Inc. v. United States Postal Serv., 27 F. Supp. 2d 15, 19 (D.D.C. 1998). In reviewing such a motion, this Court must accept as true all the factual allegations contained in the complaint. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993). Additionally, in deciding a Rule 12(b)(1) motion, it is well established in this Circuit that a court is not limited to the allegations in the complaint, but may also consider material outside of the pleadings in its effort to determine whether the court has jurisdiction in the case. See EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25 n.3 (D.C. Cir. 1997); Herbert v. Nat'l Acad. of Sciences, 974 F.2d 192, 197 (D.C. Cir. 1992); Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987); Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 14 (D.D.C. 2001).

## III. Legal Analysis

**(A)  Subject Matter Jurisdiction under 28 U.S.C. § 1332**

The defendants have moved to dismiss the complaint pursuant to Rule 12(b)(1) for lack

of subject matter jurisdiction.[4]  Lyon's Mem. at 6; Crisis Group's Mem. at 11.  Specifically, the defendants allege that because defendant Lyon lives in Serbia, and intends to remain in Serbia for the foreseeable future, he is not a citizen of any American state, but an American citizen domiciled abroad.  Lyon's Mem. at 9-10.  For that reason, the defendants allege that this Court does not possess subject matter jurisdiction to hear this case as the requirements of complete diversity are not satisfied.  Id. at 8.  In response, the plaintiffs contend that this Court does possess subject matter jurisdiction because Lyon is domiciled in Utah and is thus diverse from the plaintiffs and his co-defendant, the Crisis Group.[5]  Pls.' Opp'n at 29-30.

28 U.S.C.§ 1332(a) provides that

> district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between — (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a) (2000).  The Supreme Court has held that for a case to come within the diversity statute, there must be complete diversity.  See Owen Equip. & Erection Co. v. Kroger,

---

[4] The plaintiffs assert that this Court possess subject matter over this case pursuant to 28 U.S.C. § 1332, as a result of diversity of the parties, and pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a). Compl. ¶ 6.  The balance of this opinion will address whether diversity jurisdiction exists.  With respect to supplemental jurisdiction, the District of Columbia Circuit has held that "in enacting the diversity statute, [Congress] impliedly rejected the use of ancillary or pendent party jurisdiction in a suit based on diversity to hear a plaintiff's claim against a party whom the plaintiff could not initially have sued in diversity."  Long v. District of Columbia, 820 F.2d 409, 416 (D.C. Cir. 1987).  Accordingly, because the Court will conclude that the plaintiffs cannot maintain this action under the diversity statute, Section 1367 also fails to provide a basis for this Court having subject matters jurisdiction.

[5] Defendant Crisis Group is incorporated under District of Columbia law and headquartered in Brussels, Belgium.  Crisis Group's Reply at 2.  Accordingly, for purposes of subject-matter jurisdiction, because the Crisis Group is incorporated in the District of Columbia, it is considered under 28 U.S.C. § 1332(a) a "citizen" of the District of Columbia.  28 U.S.C. § 1332(c) ("a corporation shall be deemed to be a citizen of any States by which it has been incorporated . . . .").

437 U.S. 365, 373-74 (1978).  As such, when a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for <u>each</u> defendant or face dismissal.  See <u>Strawbridge v. Curtiss</u>, 7 U.S. (3 Cranch) 267, 267 (1806).  It is undisputed that all three named plaintiffs are foreign nationals domiciled abroad.  Compl. ¶¶ 8-10.  For example, Zepter is a citizen of Serbia and Montenegro and is domiciled in the Republic of Monaco; plaintiff Fieldpoint is a company operating under the laws of the Netherlands; and plaintiff United Business Activities Holding, A.G., is organized under the laws of Switzerland.  Accordingly, for jurisdictional purposes under § 1332(a), the plaintiffs must be treated as citizens or subjects of a foreign state, as they are not citizens of a State.  See <u>JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructures Ltd.</u>, 536 U.S. 88, 91 (2002) ("A corporation of a foreign State is, for purposes of jurisdiction in the courts of the United States, to be deemed, constructively, a citizen or subject of such State.") (internal quotation marks omitted).  Moreover, for jurisdictional purposes, defendant Crisis Group is a citizen of the State in which it is incorporated — the District of Columbia.  See 28 U.S.C. §1332 (c)(1) (A corporation is a citizen of both the state in which it is incorporated and the state in which it has its principal place of business); 28 U.S.C. § 1332(e) (the term "state" includes the District of Columbia); Crisis Group's Reply at 2.  Accordingly, defendant Lyon is the only party whose citizenship is in dispute.

     For purposes of diversity jurisdiction, it is well-settled that citizenship is substantially synonymous with domicile.  See <u>Gilbert v. David</u>, 235 U.S. 561, 568 (1915); <u>Williamson v. Osenton</u>, 232 U.S. 619, 624 (1914); <u>Prakash v. Am. Univ.</u>, 727 F.2d 1174, 1180 (D.C. Cir. 1984).  A party's domicile is determined by two factors:  (1) physical presence in the jurisdiction,

and (2) an intent to remain there for an unspecified or indefinite period of time.  See Prakash, 727 F.2d at 1180; see also Anwo v. INS, 607 F.2d 435, 437-38 (D.C. Cir. 1979) (noting that domicile is established when a person intends to remain in that place permanently or indefinitely); Green v. Keim, 74 F. Supp. 950 (E.D. Pa. 1948);  Sherman v. Roosevelt Co.,  48 F. Supp. 434, 434 (D. Mass. 1943). The plaintiffs allege that defendant Lyon resides in both Belgrade and Utah, compl. ¶ 12, but is domiciled in Utah, Pls.' Opp'n at 4.  To support this contention, the plaintiffs reference the fact that defendant Lyon maintains a Utah driver's license and is registered to vote there.  Pls.' Opp'n at 4.  Defendant Lyon, on the other hand, states that he is domiciled in Serbia, having resided in Belgrade continuously since late 2000 and intending to remain there for the foreseeable future.  Lyon's Mem. at 4.  Defendant Lyon further posits that he has minimal contacts with the United States, as he does not maintain a residence in the United States and has not done so since the Spring of 1996, Lyon's Mem., declaration of Dr. James Lyon, dated October 18, 2004 ("Lyon Decl.") at ¶ 9, does not own property in the Utah, or anywhere else in the United States, and does not pay federal or state income taxes in Utah, or anywhere else in the United States.  Id. ¶¶ 9, 10.  Defendant Lyon further alleges that he has not lived in Utah since 1988.  Id.

   Upon close review of the information provided to this Court, it is clear that defendant Lyon is domiciled in Belgrade.  Defendant Lyon's physical presence in Belgrade is uncontested and his intention to remain domiciled there can be adduced from his statements and his course of conduct, see Texas v. Florida, 306 U.S. 398, 425 (1939) (noting that a person's real attitude and intention with respect to residency can be deduced by his "entire course of conduct"), including his active participation in the Belgrade Church of Jesus Christ of Latter Day Saints and his full-

time employment in Belgrade as the Crisis Group's Serbian Project Director, Lyon Decl. ¶¶ 6, 7. The plaintiffs' contention that defendant Lyon is a citizen of Utah because he maintains a Utah drivers licence and is registered to vote in Utah is not convincing. Defendant Lyon's ties to Utah, including the maintenance of a driver's license and voter registration, are superficial proof of intent at best. Voter registration is relatively insignificant when a person has otherwise not participated in the electoral process and defendant Lyon has not voted in the United States since 1992. Lyon's Mem. at 6. And, renewing one's driver's license is equally unrevealing, as it is a teak easily accomplished. See Leon v. Caribbean Hosp. Corp., 848 F. Supp. 317, 318 (D.P.R. 1994) ("[V]oter registration is indicative of very little for a person who has previously shown no interest in participating in the electoral process; and obtaining a driver's license is not necessarily a complicated procedure for one who already has the skill"); Lyon's Mem. at 6; accord Galva Foundry Co. v. Heiden, 924 F.2d 729, 730 (7th Cir. 1991) (noting that changing ones voter registration or obtaining a driver's license in a jurisdiction does not necessarily establish domicile in that jurisdiction).

In addition, the plaintiffs' argument that defendant Lyon cannot intend to stay in Serbia indefinitely because the Crisis Group may at some point decide to leave Serbia is also unpersuasive. In this regard, it must be remembered that domicile is determined on the date the action is commenced. See Freeport-McMoRan, Inc. v. KN Energy, Inc., 498 U.S. 426, 428-29 (1991); Prakash, 727 F.2d at 1179. When this action was commenced in July 2004, defendant Lyon was, and currently is, residing in Serbia. Lyon Decl. ¶¶ 5, 7. The plaintiffs' speculation that Lyon's employer may choose to leave Serbia is also of no moment because Lyon lived in the Balkan region prior to his employment with the Crisis Group. Lyon Decl. ¶¶ 4-6. Presented with

an analogous situation, the Seventh Circuit held, among other things, that the mere possibility that the defendant may decide to retire to Florida eventually, but for the foreseeable future intended to spend most of his time in Illinois, did not support the defendant's contention that he was presently a Florida domiciliary.  Galva Foundry Co., 924 F.2d at 730.  Accordingly, Lyon's residence in Serbia when this action was filed, coupled with his expressed intention and corresponding actions to continue to do so override the mere speculation that the situation may change in the future.

The plaintiffs also argue that because Lyon's legal residency in Serbia is dependent on the Serbian government's renewal of his visa, Lyon "cannot reasonably expect to remain in Belgrade indefinitely." Pls.'s Opp'n at 4.  This argument has no merit.  Simply because there is a possibility that the Serbian government may not renew Lyon's visa in the future does not change the fact that when this action was commenced he was residing in Serbia and intends to remain there indefinitely.  Lyon Decl. ¶¶ 5, 7.  Similarly, other district courts have held that a party's residence abroad on authority of a "Tourist Card" renewable every six months does not defeat the party's intention of remaining domiciled in that location for the foreseeable future.  See Pemberton v. Colonna, 189 F. Supp. 430, 431-42 (E.D. Pa. 1960), aff'd, 290 F.2d 220 (3d Cir. 1961).  Accordingly, although defendant Lyon maintains minimal connections to Utah, such connections do not warrant the finding that he is domiciled in Utah.

Based on the above analysis, the Court concludes that defendant Lyon is clearly domiciled in Belgrade, Serbia.  "It is well established [that a] United States citizen[] who [is] domiciled abroad [is] neither [a] citizen[] of any state of the United States nor a citizen or subject of a foreign state" for diversity purposes.  Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 68

(2nd Cir. 1990). With the finding that defendant Lyon is a stateless American citizen, the diversity statute does not provide this Court with subject matter jurisdiction. Specifically, defendant Lyon's stateless status precludes this Court from having jurisdiction under Section 1332(a)(2) as this provision only confers jurisdiction over matters between "citizens of a State and citizens or subject of a foreign state." 28 U.S.C. 1332(a)(2). See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 829 (1989) (noting that the plaintiff's status as an American citizen domiciled abroad destroys complete diversity under 1332(a)(2) and 1332(a)(3)); Cresswell, 922 F.2d at 68 ("[T]he language of § 1332(a) is specific and requires the conclusion that a suit by or against United States citizens domiciled abroad may not be premised on diversity."). Thus, because defendant Lyon is a party to this suit, and he cannot be sued in federal court pursuant to the diversity statute, 28 U.S.C. § 1332, the plaintiffs cannot maintain this action under this statute.[6]

---

[6] It is also clear that this Court does not possess personal jurisdiction over defendant Lyon, as the plaintiffs have not demonstrated that the minimum contacts requirements of due process under either the general or specific jurisdiction theories have been satisfied. See Capital Bank Int'l Ltd. v. Citigroup, Inc., 276 F. Supp. 2d 72, 75 (D.D.C 2003) (explaining that the plaintiff bears the burden of establishing a factual basis for a court's exercise of personal jurisdiction over a defendant). Defendant Lyon has not been shown to have "continuous or systematic" contacts with the District of Columbia to warrant a finding of general jurisdiction. See Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 416 (1984); Atlantigas Corp. v. Nisource, Inc., 290 F. Supp. 2d 34, 52 (D.D.C. 2003). In addition, this Court does not possess specific jurisdiction over defendant Lyon, as his contacts with the District of Columbia that relate to the publications at issue are virtually non-existent. Burnett v. Al Baraka Inv. and Dev. Corp., 292 F. Supp. 2d 9, 21-22 (D.D.C. 2003) (concluding that the plaintiffs had failed to establish the defendant's minimum contacts with the District of Columbia when his contacts consisted of official visits, speaking engagements and an American education). Moreover, defendant Lyon's visit to the District of Columbia that could be tied to the allegedly libelous material here in question cannot be attributed to defendant Lyon personally, as this visit was conducted solely in his capacity as an employee of defendant Crisis Group. See Richard v. Bell Atl. Corp., 976 F. Supp. 40, 48-50 (D.D.C. 1997); Quinto v. Legal Times of Wash., Inc., 506 F. Supp. 554, 558 (D.D.C. 1981); Coleman v. Am. Broad. Cos., 1985 WL 365, at *2 (D.D.C. June 18, 1985). Finally, even if this Court could find that defendant Lyon had some jurisdictional contacts with the District of Columbia, it would be unreasonable to exercise personal jurisdiction over him as it would offend traditional notions of fair play and substantial justice because the burden on defendant Lyon to engage in this litigation far from his home would be extremely high. See Asahi Metal Indus. Co. v. Super. Ct. of Cal., 480 U.S. 102, 113 (1987); OMI Holdings, Inc. v. Royal Ins. Co. of Can., 149 F.3d 1086, 1096 (10th Cir. 1998); Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201,

(continued...)

**(B)    The Consequences of Dismissing the Claim Against Defendant Lyon**

The Court could dismiss this case in its entirety solely based upon the plaintiffs' failure to properly assert a basis for this Court having subject matter jurisdiction.[7] See Strawbridge, 3 Cranch at 267; Cresswell, 922 F.2d at 68. Notably, however, the Supreme Court has held that pursuant to Federal Rule of Civil Procedure 21, courts may dismiss a dispensable nondiverse party and cure a jurisdictional defect. See Newman-Green, 490 U.S. at 828-30; see also Long v. District of Columbia; 820 F.2d 409, 416-17 (D.C. Cir. 1987) ("District courts may drop nondiverse parties . . . at any stage of the litigation."); Caspary v. La. Land & Exploration Co., 725 F.2d 185, 191-92 (2d Cir. 1984); Anderson v. Moorer, 372 F.2d 747, 750 n.4 (5th Cir. 1967) (dismissing nondiverse dispensable defendant from action initially brought in federal court under the pretense of diversity of citizenship in order to perfect diversity). It is widely accepted that Rule 21 permits district courts to dismiss a nondiverse party to cure a jurisdictional defect so long as the nondiverse party is not indispensable to the action.[8] See Newman-Green, 490 U.S. at 832; Saadeh v. Farouki, 107 F.3d 52, 56 (D.C. Cir. 1997); Fritz v. Am. Home Shield Corp., 751 F.2d 1152, 1154-55 (11th Cir. 1985). However, if a party is indispensable, the Court must

---

[6](...continued)
210 (1st Cir. 1994) ("[U]nreasonableness can trump a minimally sufficient showing of relatedness and purposefulness.").

[7] In their opposition, the plaintiffs also argue that if there are any questions about defendant Lyon's domicile or minimum contacts with the District of Columbia, they should be permitted the opportunity to conduct jurisdictional discovery. Pl.'s Opp'n at 38. However, in the Court's view, there are no remaining questions concerning either matter, and the plaintiffs have failed to demonstrate how additional discovery would disclose anything new, thus, jurisdictional discovery is not warranted. See United States v. Philip Morris Inc., 116 F. Supp. 2d 116, 130 n.16; Atlantigas, 290 F. Supp. 2d at 53; COMSAT Corp. v. Finshipyards S.A.M., 900 F. Supp. 515, 524 n.4 (D.D.C. 1995).

[8] Rule 21 states: "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21.

"determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed . . . ." Fed. R. Civ. P. 19(b).  In the alternative, the Court may provide the plaintiff the opportunity to file an amended complaint.  Fed. R. Civ. P. 15(a); <u>Harrison v. Rubin</u>, 174 F.3d 249, 252 (D.C. Cir. 1999).  Because the parties have failed to address whether Lyon is a dispensable or indispensable party, the Court concludes that the proper course to take is to afford the plaintiffs leave to file an amended complaint to potentially cure the jurisdictional defect.[9]  The parties will then have the opportunity to submit to the Court new papers addressing any additional issues the parties deem appropriate.

## V. Conclusion

As the requirement of complete diversity has not been satisfied, this Court lacks subject matter jurisdiction over the plaintiffs' claims.[10]  However, rather than dismissing the entire case at this juncture, this Court will provide the plaintiffs the opportunity to file an amended complaint, which may cure this jurisdictional defect.

SO ORDERED this 23rd day of August, 2005. [11]

                                                        REGGIE B. WALTON
                                                        United States District Judge

---

[9] In fact, this is the course of action the plaintiffs request.  Pl.'s Opp'n at 39.

[10] Because this Court has concluded that it lacks subject matter jurisdiction in this case, it need not address the defendants' remaining arguments.  These arguments can, of course, be reasserted in subsequent pleadings if deemed appropriate.

[11] An Order consistent with the Court's ruling accompanies this Memorandum Opinion.