IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MILAN JANKOVIC also known as PHILIP ZEPTER, <br><br>         Plaintiff, <br><br> vs. <br><br> INTERNATIONAL CRISIS GROUP, <br> a not-for-profit organization, <br><br>         Defendant. | Civil Action No.:  1:04CV01198 (RW) |

## ANSWER AND DEFENSES OF DEFENDANT INTERNATIONAL CRISIS GROUP TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, International Crisis Group ("ICG"), by and through their undersigned counsel, and pursuant to Rules 8 and 12(a) of the Federal Rules of Civil Procedure, files this Answer to the First Amended Complaint of the sole remaining Plaintiff, Milan Jankovic a/k/a Philip Zepter ("Zepter").  All allegations not specifically admitted are denied, and in support thereof ICG states:

## GENERAL RESPONSES

The claims asserted in the First Amended Complaint (the "FAC") have now largely been dismissed as a result of this Court's decisions of May 1, 2006 and March 27, 2009, and the decisions of the United States Court of Appeals for the District of Columbia of July 24, 2007 and January 29, 2010.  Specifically, the claims brought by Plaintiffs Fieldpoint B.V. and United Business Activities Holding A.G. have been dismissed in their entirety; Zepter's claim for Tortious Interference with Business Expectancy has been dismissed in its entirety; and all of Zepter's claims for libel and related state law causes of action have been dismissed except with

respect to one passage (the "Remaining Passage") in one ICG report entitled "Serbian Reform

Stalls Again" ("Report 145").  Allegations in the FAC concerning the claims and parties that

have been dismissed do not require an affirmative response.

<u>SPECIFIC RESPONSES AND DENIALS</u>

**I.**

**NATURE OF ACTION**[1]

1.      The allegations in Paragraph 1 concern claims and/or parties that have been

dismissed from this case.  As a result, no affirmative response is required to those portions.  To

the extent a response is required, ICG lacks knowledge or information sufficient to form a belief

as to the truth of the allegations in Paragraph 1 and on that basis denies them.

2.      To the extent that Paragraph 2 asserts a legal conclusion, no response from ICG is

required; all other allegations are denied.

3.      The allegations in Paragraph 3 concern claims and/or parties that have been

dismissed from this case.  As a result, no affirmative response is required.  To the extent a

response is required, ICG denies the allegations contained in Paragraph 3.

4.      The allegations in Paragraph 4 concern claims and/or parties that have been

dismissed from this case.  As a result, no affirmative response is required.  To the extent a

response is required, ICG denies the allegations contained in Paragraph 4.

5.      The allegations in Paragraph 5 concern claims and/or parties that have been

dismissed from this case.  As a result, no affirmative response is required.  To the extent a

---

[1] For convenience and clarity, ICG's Answer utilizes the same headings as set forth in the FAC.  In so doing, ICG does not admit any of the allegations contained in the FAC headings.

response is required, ICG denies the allegations contained in Paragraph 5.

## II.

## JURISDICTION AND VENUE

6.      ICG admits the first sentence, but denies the second sentence of Paragraph 6.

7.      ICG admits that venue is proper in this judicial district.  ICG denies the remaining allegations in Paragraph 7.

## III.

## THE PARTIES AND RELEVANT NON-PARTIES

8.      ICG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and on that basis denies them.

9.      The allegations in Paragraph 9 concern claims and/or parties that have been dismissed from this case.  As a result, no affirmative response is required.  To the extent a response is required, ICG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and on that basis denies them.

10.      The allegations in Paragraph 10 concern claims and/or parties that have been dismissed from this case.  As a result, no affirmative response is required.  To the extent a response is required, ICG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and on that basis denies them.

11.      ICG admits that it is a not-for-profit organization that was organized and exists under the District of Columbia Nonprofit Corporation Act.  ICG further admits that it has offices

in Washington, D.C. and New York, New York.  ICG denies all remaining allegations in Paragraph 11.

12.     ICG admits that James Lyon ("Lyon") was an ICG employee from 1999 to 2008. ICG denies that James Lyon ever worked out of ICG's offices in Washington, D.C.  ICG admits that Zepter's attorneys issued a subpoena dated May 20, 2004 purporting to command Lyon's attendance at a deposition.  ICG denies that the subpoena was issued as part of this case, which was not filed until July 2004.  Consistent with the Court's opinion of August 23, 2005, ICG admits that Lyon is an individual residing in Serbia and denies that Lyon is an individual residing in Provo, Utah.  ICG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 and on that basis denies them.

13.     ICG denies that it has engaged in any wrongful conduct.  ICG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 and on that basis denies them.

## IV.

## GENERAL ALLEGATIONS

14.     ICG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and on that basis denies them.

15.     The allegations in Paragraph 15 concern claims and/or parties that have been dismissed from this case.  As a result, no affirmative response is required.  To the extent a response is required, ICG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and on that basis denies them.

16.     ICG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and on that basis denies them.

17.     ICG denies the allegations in the last sentence of Paragraph 17.  ICG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 and on that basis denies them.

18.     ICG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and on that basis denies them.

19.     ICG admits that Mr. Zepter is an internationally prominent public figure.  ICG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and on that basis denies them.

20.     ICG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and on that basis denies them.

21.     ICG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and on that basis denies them.

22.     ICG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and on that basis denies them.

23.     ICG admits that at various times Deloitte & Touche has audited the books and financial statements of ICG.  ICG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 and on that basis denies them.

24.     ICG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and on that basis denies them.

25.     ICG admits that it is a not-for-profit corporation organized and existing under the laws of the District of Columbia.  ICG admits that its international headquarters are in Brussels.  ICG denies the allegations in the third sentence of Paragraph 25.  ICG admits that it operates on five continents and maintains offices in Washington D.C., New York, and Moscow.  ICG admits that it had a media liaison office in London around the time of the filing of the FAC.  ICG admits that it has had various field offices on these continents at various times including offices in the Balkans (Belgrade, Pristina, and Skopje).  ICG denies the remaining allegations in Paragraph 25.

26.     ICG admits that its website has, at various times, stated that ICG raises funds from governments, charitable foundations, companies, and individual donors.  ICG further admits that its website has, at various times, stated that ICG has received donations from the Open Society Institute, the Bill & Melinda Gates Foundation, the Atlantic Philanthropies, and others.  ICG admits that some supporters have received policy briefings from ICG employees, some supporters have received ICG publications, and some supporters have been invited to discussions and fund-raising events.  ICG denies all remaining allegations in Paragraph 26.

27.     ICG admits that it produces analytical reports containing practical recommendations targeted at key international decision-makers.  ICG admits that it produces briefing papers and other publications.  ICG admits that one of its goals is to highlight crisis and generate support for policy prescriptions.  ICG admits that certain of its reports are distributed by email and in printed copy.  ICG admits that some of its reports and publications are available from its website in English.  ICG admits that some of its reports are translated into other

languages, including, on occasion, languages spoken in the Balkans. ICG denies the remaining allegations in Paragraph 27.

28.     ICG admits that it is a non-governmental organization, but denies the remaining allegations in the first sentence of Paragraph 28. ICG admits the remaining allegations in Paragraph 28.

29.     ICG denies the allegations in the first sentence of Paragraph 29, except ICG admits that its operations are overseen by a Board and that some members of the Board are current or former political leaders, diplomats, businesspersons, and media members. ICG denies the remaining allegations in Paragraph 29.

30.     ICG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and on that basis denies them.

31.     ICG denies the allegations in Paragraph 31.

32.     ICG admits the allegations in the first sentence of Paragraph 32. ICG denies the remaining allegations of Paragraph 32.

33.     ICG admits that in 2003 it distributed certain reports and publications by direct mail, email, and by posting reports on its website. ICG admits that certain reports and briefing papers are sent in printed form to various recipients. ICG admits that varying numbers of targeted recipients have received its publications by email notification or attachment. ICG admits that varying numbers of readers have subscribed directly through its website. ICG admits that at the time of the filing of the FAC some of its publications were posted on its website. ICG denies all remaining allegations in Paragraph 33.

34.     ICG admits that it opened an office in New York in 2001 that is responsible for advocacy with the UN Secretariat, diplomatic corps and media, liaison with the philanthropic community, and policy input.  ICG admits that it opened an office in London in 2002 that at the time of filing the FAC was responsible for coordinating fundraising with government and major foundations.  ICG admits that it opened an office in Moscow in 2003 to liaise with Russian policymakers.  ICG admits that the Washington office is responsible for advocacy with the U.S. Administration, Capitol Hill, and U.S. media, and for policy input.  ICG denies the remaining allegations in Paragraph 34.

35.     ICG admits that it began operations in the Balkans in 1996.  ICG admits that it maintained at the time of filing the FAC a field-based presence in Belgrade, Pristina, and Skopje and that watching briefs continued over Albania, Montenegro, and Croatia.  ICG admits that at various times, it maintained operations in Bosnia.  ICG admits that its Balkans program had an allocated budget of $1.62 million in 2001 and that its Africa program had an allocated budget of $1.2 million in 2001.  ICG denies the remaining allegations in Paragraph 35.

36.     ICG admits that some of its employees are, among other things, tasked with drafting, publishing, and/or distributing ICG's Reports and Publications.  ICG denies the remaining allegations in Paragraph 36.

37.     ICG denies the allegations in the first sentence of Paragraph 37.  ICG admits that Mr. Lyon was appointed Serbian Project Director in mid-October 2000, but denies the remaining allegations in the second sentence of Paragraph 37.  ICG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 37 and on that basis denies them.  ICG denies the remaining allegations in Paragraph 37.

38.     ICG admits that Mr. Lyon supervised the ICG's Bosnian Project from August 1999 until the spring of 2001.  ICG admits that Mr. Lyon was Director of ICG's Serbian Project in mid-October 2000.  ICG admits that Mr. Lyon was the primary author of Report 145.  ICG denies all remaining allegations in Paragraph 38.

39.     ICG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and on that basis denies them.

40.     ICG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second, and third sentences of Paragraph 40 and on that basis ICG denies them.  ICG denies the remaining allegations in Paragraph 40.

41.     ICG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and on that basis denies them.

42.     ICG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and on that basis denies them.

43.     ICG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 and on that basis denies them.

44.     ICG denies that any of the statements in its reports were either false or defamatory.  ICG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44 and on that basis denies them.

**V.**

**DEFAMATORY STATEMENTS BY ICG**

45.     The allegations in Paragraph 45 concern claims and/or parties that have been dismissed from this case.  As a result, no affirmative response is required.  To the extent a response is required, ICG admits that it published Report 141, entitled "Serbia After Djindjic," on or about March 18, 2003 and that this report was posted on its website on or around that date. ICG admits the allegations in the second sentence of Paragraph 45.  ICG denies the remaining allegations in Paragraph 45.

46.     The allegations in Paragraph 46 concern claims and/or parties that have been dismissed from this case.  As a result, no affirmative response is required.  To the extent a response is required, ICG admits that Mr. Lyon was the primary author of Report 141.  ICG admits that on or about March 18, 2003, ICG mailed copies of Report 141 and posted Report 141 on its website.  ICG denies the remaining allegations in Paragraph 46.

47.     The allegations in Paragraph 47 concern claims and/or parties that have been dismissed from this case.  As a result, no affirmative response is required.  To the extent a response is required, ICG denies the allegations in Paragraph 47.

48.     The allegations in Paragraph 48 concern claims and/or parties that have been dismissed from this case.  As a result, no affirmative response is required.  To the extent a response is required, ICG denies the allegations in Paragraph 48.

49.     The allegations in Paragraph 49 concern claims and/or parties that have been dismissed from this case.  As a result, no affirmative response is required.  To the extent a response is required, ICG denies the allegations in the first and second sentences of Paragraph

49.  ICG admits the allegations in the third sentence of Paragraph 49.  ICG admits that the fourth,

fifth, and sixth sentences of Paragraph 49 quote portions of the OHR AFD report.  Except as

specifically admitted, ICG denies all remaining allegations in Paragraph 49.

50.     The allegations in Paragraph 50 concern claims and/or parties that have been

dismissed from this case.  As a result, no affirmative response is required.  To the extent a

response is required, ICG denies that the AFD Report "incorporates" or otherwise references the

document referred to in Paragraph 50.  ICG lacks knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in Paragraph 50 and on that basis denies them.

51.     The allegations in Paragraph 51 concern claims and/or parties that have been

dismissed from this case.  As a result, no affirmative response is required.  To the extent a

response is required, ICG denies the allegations in Paragraph 51.

52.     The allegations in Paragraph 52 concern claims and/or parties that have been

dismissed from this case.  As a result, no affirmative response is required.  To the extent a

response is required, ICG denies the allegations in Paragraph 52.

53.     ICG admits that it published Report 145, entitled "Serbian Reform Stalls Again,"

on or about July 17, 2003 and that this report was posted on its website on or around that date.

ICG admits that the second sentence of Paragraph 53 quotes language from Report 145.  ICG

denies the remaining allegations in Paragraph 53.

54.     ICG admits that Mr. Lyon was the primary author of Report 145.  ICG admits that

on or about July 17, 2003, ICG mailed copies of Report 145 and posted Report 145 on its

website.  ICG denies the remaining allegations in Paragraph 54.

55.     The allegations in Paragraph 55 concern claims and/or parties that have been dismissed from this case.  As a result, no affirmative response is required.  To the extent a response is required, ICG denies the allegations in Paragraph 55.

56.     The allegations in Paragraph 56 concern claims and/or parties that have been dismissed from this case.  As a result, no affirmative response is required.  To the extent a response is required, ICG denies the allegations in Paragraph 56.

57.     ICG denies the allegations in Paragraph 57.

58.     ICG denies the allegations in Paragraph 58.

59.     The allegations in Paragraph 59 concern claims and/or parties that have been dismissed from this case.  As a result, no affirmative response is required.  To the extent a response is required, ICG denies the allegations in Paragraph 59.

60.     The allegations in Paragraph 60 concern claims and/or parties that have been dismissed from this case.  As a result, no affirmative response is required.  To the extent a response is required, ICG denies the allegations in Paragraph 60.

61.     ICG denies the allegations in Paragraph 61.

62.     Allegations in Paragraph 62 concern claims and/or parties that have been dismissed from this case.  As a result, no affirmative response is required.  To the extent a response is required, ICG denies the allegations in Paragraph 62.

63.     Allegations in Paragraph 63 concern claims and/or parties that have been dismissed from this case.  As a result, no affirmative response is required.  To the extent a response is required, ICG denies the allegations in Paragraph 63.

64.     Allegations in Paragraph 64 concern claims and/or parties that have been dismissed from this case.  As a result, no affirmative response is required.  To the extent a response is required, ICG denies the allegations in Paragraph 64, except that ICG admits that certain reports are available in English on its website and certain reports are available in foreign languages, including, on occasion, Bosnian, Croatian, and Serbian.

65.     The allegations in Paragraph 65 concern claims and/or parties that have been dismissed from this case.  As a result, no affirmative response is required.  To the extent a response is required, ICG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and on that basis denies them.

66.     ICG lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and on that basis denies them.

67.     The allegations in Paragraph 67 concern claims and/or parties that have been dismissed from this case.  As a result, no affirmative response is required.  To the extent a response is required, ICG admits that Mr. Lyon, within the scope of his employment, forwarded an article concerning the National Bank of Serbia to Zarko Korac in an email dated June 10, 2003.  ICG admits that the article addresses the political situation in Serbia and uses the words "Milosevic-era financial tycoons."  ICG denies the remaining allegations in Paragraph 67.

68.     The allegations in Paragraph 68 concern claims and/or parties that have been dismissed from this case.  As a result, no affirmative response is required.  To the extent a response is required, ICG denies the allegations in Paragraph 68.

69.     The allegations in Paragraph 69 concern claims and/or parties that have been dismissed from this case.  As a result, no affirmative response is required.  To the extent a response is required, ICG denies the allegations in Paragraph 69.

70.     The allegations in Paragraph 70 concern claims and/or parties that have been dismissed from this case.  As a result, no affirmative response is required.  To the extent a response is required, ICG admits that Mr. Lyon sent the article to Mr. Korac within the scope of Mr. Lyon's employment.  ICG denies the remaining allegations in Paragraph 70.

## VI.

## THE BRUSSELS ACTION

71.     ICG admits that Zepter filed a lawsuit against The International Crisis Group, AISBL ("ICG AISBL Belgium") in Belgium in or around January 2004.  ICG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 71.  ICG admits that its website and various publications of ICG list ICG's international headquarters as being in Brussels.  ICG denies that its website and publications make no distinction between ICG and ICG AISBL Belgium.  ICG lacks knowledge or information sufficient to form a belief as to the truth of what "Plaintiffs believed" and therefore denies the remaining allegations in the second sentence of Paragraph 71.  ICG admits the allegations in the third sentence of Paragraph 71.  Except as otherwise specifically admitted, ICG denies all allegations in Paragraph 71.

72.     ICG admits that ICG AISBL Belgium is an international not-for-profit association under Belgian law.  ICG admits that ICG AISBL Belgium is registered with the Belgian Central Company Data Bank under the number 0462.873.310 and that it has its registered office at Avenue Louise 149, Brussels, Belgium.  ICG admits that ICG AISBL Belgium is based in Brussels and that ICG AISBL Belgium does not participate in the drafting and distributing of ICG's reports and publications.  ICG admits that it is a not-for-profit corporation organized and existing under the law of the District of Columbia.  ICG admits that it has offices in New York, New York and Washington, D.C.  ICG denies the remaining allegations in Paragraph 72.

73.     ICG denies the allegations in Paragraph 73.

## VII.

## INJURY TO PLAINTIFFS

74.     ICG denies the allegations in Paragraph 74.

75.     The allegations in Paragraph 75 concern claims and/or parties that have been dismissed from this case.  As a result, no affirmative response is required.  To the extent that a response is required, ICG denies the allegations in Paragraph 75.

76.     ICG denies the allegations in Paragraph 76.

77.     ICG denies that its publications were the cause of any injuries or events alleged in Paragraph 77.  ICG otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 77 and on that basis denies them.

78.     The allegations in Paragraph 78 concern claims and/or parties that have been dismissed from this case.  As a result, no affirmative response is required.  To the extent that a

response is required, ICG denies that its publications were the cause of any injuries or events

alleged in Paragraph 78.  ICG otherwise lacks knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 78 and on that basis denies them.

79.     To the extent Paragraph 79 contains legal conclusions, no answer is required.  To

the extent Paragraph 79 contains factual allegations, ICG denies those allegations.

## VIII.

## CAUSES OF ACTION

80.     ICG restates and incorporates by reference its responses to Paragraphs 1 through

79.

81.     Allegations in Paragraph 81 concern claims and/or parties that have been

dismissed from this case.  No affirmative response is required to those allegations.  To the extent

a response is required, ICG admits that it published Report 141 on or around March 18, 2003 and

that Report 141 was posted on ICG's website at or around that time.  ICG admits that it

published Report 145 on or around July 17, 2003 and that Report 145 was posted on ICG's

website at or around that time.  ICG admits that Exhibit C purports to be a June 10, 2003 email

from James Lyon.  ICG denies the remaining allegations in Paragraph 81.

82.     Allegations in Paragraph 82 concern claims and/or parties that have been

dismissed from this case.  No affirmative response is required to those allegations.  To the extent

a response is required, ICG denies the allegations in Paragraph 82.

83.     Allegations in Paragraph 83 concern claims and/or parties that have been dismissed from this case.  No affirmative response is required to those allegations.  To the extent a response is required, ICG denies the allegations in Paragraph 83.

84.     Allegations in Paragraph 84 concern claims and/or parties that have been dismissed from this case.  No affirmative response is required to those allegations.  To the extent a response is required, ICG denies the allegations in Paragraph 84.

85.     Allegations in Paragraph 85 concern claims and/or parties that have been dismissed from this case.  No affirmative response is required to those allegations.  To the extent a response is required, ICG denies the allegations in Paragraph 85.

86.     Allegations in Paragraph 86 concern claims and/or parties that have been dismissed from this case.  No affirmative response is required to those allegations.  To the extent a response is required, ICG denies the allegations in Paragraph 86.

87.     Allegations in Paragraph 87 concern claims and/or parties that have been dismissed from this case.  No affirmative response is required to those allegations.  To the extent a response is required, ICG denies the allegations in Paragraph 87.

88.     Allegations in Paragraph 88 concern claims and/or parties that have been dismissed from this case.  No affirmative response is required to those allegations.  To the extent a response is required, ICG denies the allegations in Paragraph 88.

89.     Allegations in Paragraph 89 concern claims and/or parties that have been dismissed from this case.  No affirmative response is required to those allegations.  To the extent a response is required, ICG denies the allegations in Paragraph 89.

90.     Allegations in Paragraph 90 concern claims and/or parties that have been dismissed from this case.  No affirmative response is required to those allegations.  To the extent a response is required, ICG denies the allegations in Paragraph 90.

91.     Allegations in Paragraph 91 concern claims and/or parties that have been dismissed from this case.  No affirmative response is required to those allegations.  To the extent a response is required, ICG denies the allegations in Paragraph 91.

92.     Allegations in Paragraph 92 concern claims and/or parties that have been dismissed from this case.  No affirmative response is required to those allegations.  To the extent a response is required, ICG denies the allegations in Paragraph 92.

93.     Allegations in Paragraph 93 concern claims and/or parties that have been dismissed from this case.  No affirmative response is required to those allegations.  To the extent a response is required, ICG denies the allegations in Paragraph 93.

94.     Allegations in Paragraph 94 concern claims and/or parties that have been dismissed from this case.  No affirmative response is required to those allegations.  To the extent a response is required, ICG denies the allegations in Paragraph 94.

95.     ICG restates and incorporates by reference its responses to Paragraphs 1 through 94.

96.     Allegations in Paragraph 96 concern claims and/or parties that have been dismissed from this case.  No affirmative response is required to those allegations.  To the extent a response is required, ICG admits that it published Report 141 on or around March 18, 2003 and that Report 141 was posted on ICG's website at or around that time.  ICG admits that it

published Report 145 on or around July 17, 2003 and that Report 145 was posted on ICG's website at or around that time.  ICG admits that Exhibit C purports to be a June 10, 2003 email from James Lyon.  ICG denies the remaining allegations in Paragraph 96.

97.     Allegations in Paragraph 97 concern claims and/or parties that have been dismissed from this case.  No affirmative response is required to those allegations.  To the extent a response is required, ICG denies that its publications were the cause of any injuries or events alleged in Paragraph 97.  ICG otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 and on that basis denies them.

98.     Allegations in Paragraph 98 concern claims and/or parties that have been dismissed from this case.  No affirmative response is required to those allegations.  To the extent a response is required, ICG admits that its website receives daily visitors.  ICG denies the remaining allegations in Paragraph 98.

99.     Allegations in Paragraph 99 concern claims and/or parties that have been dismissed from this case.  No affirmative response is required to those allegations.  To the extent a response is required, ICG denies the allegations in Paragraph 99.

100.    Allegations in Paragraph 100 concern claims and/or parties that have been dismissed from this case.  No affirmative response is required to those allegations.  To the extent a response is required, ICG denies the allegations in Paragraph 100.

101.    Allegations in Paragraph 101 concern claims and/or parties that have been dismissed from this case.  No affirmative response is required to those allegations.  To the extent a response is required, ICG denies the allegations in Paragraph 101.

102.    Allegations in Paragraph 102 concern claims and/or parties that have been dismissed from this case.  No affirmative response is required to those allegations.  To the extent a response is required, ICG denies the allegations in Paragraph 102.

103.    Allegations in Paragraph 103 concern claims and/or parties that have been dismissed from this case.  No affirmative response is required to those allegations.  To the extent a response is required, ICG denies the allegations in Paragraph 103.

104.    Allegations in Paragraph 104 concern claims and/or parties that have been dismissed from this case.  No affirmative response is required to those allegations.  To the extent a response is required, ICG denies the allegations in Paragraph 104.

105.    Allegations in Paragraph 105 concern claims and/or parties that have been dismissed from this case.  No affirmative response is required to those allegations.  To the extent a response is required, ICG denies the allegations in Paragraph 105.

106.    Allegations in Paragraph 106 concern claims and/or parties that have been dismissed from this case.  No affirmative response is required to those allegations.  To the extent a response is required, ICG denies the allegations in Paragraph 106.

107.    ICG restates and incorporates by reference its responses to Paragraphs 1 through 106.

108.    Allegations in Paragraph 108 concern claims that have been dismissed from this case.  No affirmative response is required to those allegations.  To the extent a response is required, ICG admits that it published Report 141 on or around March 18, 2003 and that Report 141 was posted on ICG's website at or around that time.  ICG admits that it published Report

145 on or around July 17, 2003 and that Report 145 was posted on ICG's website at or around that time.  ICG admits that Exhibit C purports to be a June 10, 2003 email from James Lyon. ICG denies the remaining allegations in Paragraph 108.

109.    Allegations in Paragraph 109 concern claims that have been dismissed from this case.  No affirmative response is required to those allegations.  To the extent a response is required, ICG denies the allegations in Paragraph 109.

110.    Allegations in Paragraph 110 concern claims that have been dismissed from this case.  No affirmative response is required to those allegations.  To the extent a response is required, denies the allegations of Paragraph 110.

111.    Allegations in Paragraph 111 concern claims that have been dismissed from this case.  No affirmative response is required to those allegations.  To the extent a response is required, ICG denies the allegations in Paragraph 111.

112.    Allegations in Paragraph 112 concern claims that have been dismissed from this case.  No affirmative response is required to those allegations.  To the extent a response is required, ICG denies the allegations in Paragraph 112.

113.    Allegations in Paragraph 113 concern claims that have been dismissed from this case.  No affirmative response is required to those allegations.  To the extent a response is required, ICG denies the allegations in Paragraph 113.

114.    Allegations in Paragraph 114 concern claims that have been dismissed from this case.  No affirmative response is required to those allegations.  To the extent a response is required, ICG denies the allegations in Paragraph 114.

115.     Allegations in Paragraph 115 concern claims that have been dismissed from this case.  No affirmative response is required to those allegations.  To the extent a response is required, ICG denies the allegations in Paragraph 115.

116.     Allegations in Paragraph 116 concern claims that have been dismissed from this case.  No affirmative response is required to those allegations.  To the extent a response is required, ICG denies the allegations in Paragraph 116.

117.     Allegations in Paragraph 117 concern claims and/or parties that have been dismissed from this case.  No affirmative response is required to those allegations.  To the extent a response is required, ICG denies the allegations in Paragraph 117.

118.     Allegations in Paragraph 118 concern claims that have been dismissed from this case.  No affirmative response is required to those allegations.  To the extent a response is required, ICG denies the allegations in Paragraph 118.

119.     Allegations in Paragraph 119 concern claims that have been dismissed from this case.  No affirmative response is required to those allegations.  To the extent a response is required, ICG denies the allegations in Paragraph 119.

## **ADDITIONAL DEFENSES**

Without assuming any burden of proof that it would not otherwise bear at trial, ICG also asserts the following additional defenses:

## **First Additional Defense**

1.     The FAC fails to state a claim upon which relief could be granted.

**Second Additional Defense**

2.      Any allegedly defamatory statements remaining in the case are true or substantially true.

**Third Additional Defense**

3.      Any allegedly defamatory statements remaining in the case are not of and concerning the Plaintiff.

**Fourth Additional Defense**

4.      Any allegedly defamatory statements remaining in the case are not defamatory.

**Fifth Additional Defense**

5.      Any allegedly defamatory statements remaining in the case were not published with any degree of malice or fault.

**Sixth Additional Defense**

6.      Any allegedly defamatory statements remaining in the case are protected or privileged by one or more immunities, including, but not limited to, the First and Fourteenth Amendments to the Constitution.

**Seventh Additional Defense**

7.      Any alleged defamatory statements remaining in the case are privileged under the law of defamation for the District of Columbia.

**Eighth Additional Defense**

8.      Any alleged defamatory statements remaining in the case are privileged opinion or fair comment.

**Ninth Additional Defense**

9.      Any alleged defamatory statements remaining in the case are privileged under the common interest doctrine.

**Tenth Additional Defense**

10.      Any alleged defamatory statements remaining in the case are privileged under the common law fair report privilege.

**Eleventh Additional Defense**

11.      Any alleged defamatory statements remaining in the case are privileged under the common-law neutral reportage doctrine.

**Twelfth Additional Defense**

12.      Plaintiff did not incur any injury or damages cognizable at law.

**Thirteenth Additional Defense**

13.      Plaintiff's injury and damages, if any, were caused by the acts of third persons, for which ICG is not responsible.

**Fourteenth Additional Defense**

14.      Plaintiff failed to mitigate his damages.

**Fifteenth Additional Defense**

15.      Plaintiff is a public figure and as such is unable to meet his heightened burden of proof to sustain the claim.

### Sixteenth Additional Defense

16.     Any allegedly defamatory statements remaining in the case are not properly subject to a libel suit because they contain no provably false assertions of fact.

### Seventeenth Additional Defense

17.     Any allegedly defamatory statements remaining in the case were made in good faith with the proper motive of informing its audience of matters of public concern and are thus protected by both qualified and conditional privileges.

ICG reserves the right to assert other defenses as discovery proceeds.

## IX.

## DEMAND FOR JURY

This section of the FAC constitutes demands for relief that do not require a response.  To the extent a response is required, ICG denies all allegations in this section and denies that Plaintiff is entitled to any of the requested relief.

Dated:  May 21, 2010

By:    /s/ Jonathan L. Greenblatt
Jonathan L. Greenblatt
DC Bar No. 449874
SHEARMAN & STERLING LLP
801 Pennsylvania Avenue NW
Washington, D.C.  20004-2634
(202) 508-8000 (Main)
(202) 496-7756 (Facsimile)

Amy L. Neuhardt
*Pro Hac Vice*
BOIES, SCHILLER, & FLEXNER LLP
5301 Wisconsin Avenue, NW        Washington, D.C.  20015
(202) 274-1137 (Main)
(202) 237-6131 (Facsimile)

*Attorneys for Defendant International Crisis Group*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 21st of May 2010, I electronically filed the foregoing ANSWER AND DEFENSES OF DEFENDANT INTERNATIONAL CRISIS GROUP TO PLAINTIFF'S FIRST AMENDED COMPLAINT (the "Answer") with the Clerk of the Court using the CM/ECF system, which will automatically send email notification to, and constitute service upon, the attorney of record noted below.  In addition, I caused the Answer to be served upon counsel of record in this matter by first class mail, postage-prepaid, addressed as follows:

William T. O'Brien
McKenna Long & Aldridge LLP
1900 K Street, NW
Washington, DC, 20006
Tel: (202) 496-7500
Fax: (202) 496-7756

This 21st day of May 2010.


<u>/s/ Jonathan L. Greenblatt</u>
SHEARMAN & STERLING LLP
801 Pennsylvania Avenue, NW
Tel: (202) 508-8058
jgreenblatt@shearman.com